UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRENDA BRAUD                                                   CIVIL ACTION

VERSUS                                                         NO. 16-6770

INTER-CON SECURITY SYSTEMS,                                    SECTION "R" (5)
INC. ET AL.

# ORDER AND REASONS

Defendant Inter-Con Security Systems, Inc. moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Braud does not oppose the motion. Because there is no dispute of material fact that plaintiff's fall occurred more than a year before she commenced her lawsuit, the Court grants the motion for summary judgment.

## I.   BACKGROUND

This is a personal injury case arising from a slip and fall at a building. Defendant Inter-Con is the custodian of the building. Plaintiff's complaint alleges that while visiting the property on March 11, 2015, she slipped on a rug that Inter-Con negligently placed on wet steps.[1] Braud alleges that when

---

[1] R. Doc. 1-1 at 3.

she stepped on the rug, the rug slipped out from under her and she fell down the stairs.[2] As a result of the fall, Braud alleges injuries to her left arm and ulnar nerve which required treatment.[3] Braud alleges that Inter-Con's negligence was the sole and proximate cause of her injuries.[4]

Braud filed this lawsuit in the 21st Judicial District Court for the Parish of Tangipahoa, Louisiana on March 8, 2016.[5] On May 20, 2016, defendant filed its notice of removal and removed the case from Louisiana state court to this Court.[6] On June 24, 2016, defendant filed a 12(b)(6) motion to dismiss.[7] Because defendant's motion asked the Court to consider matters beyond the pleadings, this Court converted defendant's 12(b)(6) motion into a motion for summary judgment on August 23, 2016.[8] In accordance with the procedural safeguards of Rule 56, the Court ordered Braud to come forward with evidence in opposition to defendant's motion for summary judgment within ten days. Braud has not responded.

---

[2]  *Id.* at 4.
[3]  *Id.*
[4]  *Id.* at 5.
[5]  *Id.* at 3.
[6]  R. Doc. 1 at 1.
[7]  R. Doc. 6.
[8]  R. Doc. 8.

## II.    LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the movant will bear the burden of proof at trial, the movant "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with

evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III.   DISCUSSION

In a diversity action, the prescriptive period of the forum state applies. *Orleans Parish School Board v. Asbestos Corp. Ltd.*, 114 F.3d 66, 68 (5th Cir. 1997).  Under Louisiana law, delictual actions, such as this, are subject to a one-year prescriptive period.  *See* La. Civ. Code. art. 3492; *Lehmann v. GE Global Ins. Holding Corp.*, 524 F.3d 621, 626-27 (5th Cir. 2008).  The period begins to run from the day injury or damage is sustained.  La. Civ. Code. art. 3492.  The defendant bears the burden of proof that a claim has been prescribed.  *See Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000).  However, "[i]f the defendant proves that one year has passed between the tortious acts and the filing of the lawsuit, then the burden shifts to the plaintiff to prove an exception to prescription."  *Id.*  Because plaintiff has not opposed defendant's motion, the Court need only determine whether defendant has shown that one year passed between the tortious acts and the filing of the lawsuit.

In support of its motion for summary judgment, defendant argues that, contrary to what is alleged in plaintiff's complaint, plaintiff's fall actually occurred on March 4, 2015—more than one year before plaintiff filed her complaint—not March 11.[9]  To establish the date of the fall, defendant

---

[9]   R. Doc. 6-1 at 1.

submits affidavits of multiple people that attest that they were notified of the fall on or about March 4, and copies of emails that corroborate those attestations. The evidence submitted includes:

- The affidavit of Natalie Griffith, who is counsel for defendant and was working in that capacity when the alleged fall occurred. Griffith attests that on March 4, 2015, she received an email from Ashley Simmons, an Inter-Con employee, notifying her that Braud fell earlier that day.[10]

- The affidavit of Joyce Brown, who is employed in the Claims Department of Sullivan Curtis Monroe, a risk management insurance firm who manages risk and places insurance for Inter-Con. Brown attests that on March 4, 2015, she received an email from Natalie Griffiths, notifying Brown of Braud's alleged fall.[11]

- A copy of a fax sent from Brown to a third party claims administrator for handling, dated March 5, 2015.[12]

- The affidavit of Beezie Landry, who is employed as a sales advisor for Stirling Properties and was representing the owner of the property where the fall occurred at the time of the alleged fall. Landry attests that Braud toured the property on March 4, 2015, and emailed him after to confirm the tour and request additional information.[13]

- Copies of the emails referred to in the Griffith, Brown and Landry affidavits.[14]

To summarize, defendant submits the affidavits of two people attesting that they were notified of the alleged fall on March 4, 2015, and the affidavit

---

[10] R. Doc. 6-2 at 1.
[11] R. Doc. 6-3 at 1.
[12] *Id.* at 5.
[13] R. Doc. 6-4 at 1 (Landry affidavit).
[14] R. Doc. 6-2 at 3-4 (Simmons email); R. Doc. 6-3 at 3 (Griffith email); R. Doc. 6-4 at 2-3 (Braud email).

6

of another who attests that Braud's tour of the property occurred on March 4, 2015. Additionally, defendant submits copies of emails corroborating the statements in the affidavits as well as a copy of an insurance claim filed on March 5, 2015.

Plaintiff Braud has not submitted any evidence suggesting that the fall actually occurred on or after March 8, 2015. Accordingly, the Court finds that defendant has met its burden in establishing that a year passed between the alleged tortious acts and the filing of this lawsuit. Braud's claim has prescribed under Louisiana law.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff's claim has prescribed. The Court hereby GRANTS defendant's motion for summary judgment.

New Orleans, Louisiana, this __9th__ day of September.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE